UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

KARINA GAPCHUK

        Plaintiff,                              CIVIL ACTION NO.:

v.

ROBERT S. MUELLER, Director, Federal
Bureau of Investigation, MICHAEL
CHERTOFF, Secretary, Department of
Homeland Security, EMILIO T. GONZALEZ,
Director, USCIS, EVELYN UPCHURCH,
Director, USCIS Texas Service Center,
LINDA SWACINA, District Director,
USCIS Miami District Office, KATHY
REDMAN, Officer in Charge, USCIS Tampa
Sub-Office,

        Defendants.

_____/

## COMPLAINT FOR MANDAMUS

COMES NOW, Plaintiff, KARINA GAPCHUK, by and through her undersigned counsel, and brings this cause of action against Defendants ROBERT S. MUELLER, Director, Federal Bureau of Investigation, MICHAEL CHERTOFF, Secretary, Department of Homeland Security, EMILIO T. GONZALEZ, Director, USCIS, EVELYN UPCHURCH, Director, USCIS Texas Service Center, LINDA SWACINA, District Director, USCIS Miami District Office, KATHY REDMAN, Officer in Charge, USCIS Tampa Sub-Office, and states in support thereof:

## INTRODUCTION

1.  This is a civil action brought pursuant to 8 U.S.C. § 1447, 28 U.S.C. § 1331 and 1361 to compel the Defendants to perform a duty Defendants owe to Plaintiff. Jurisdiction is also conferred under 5 U.S.C. § 704 (no other adequate remedy) and §706 (to compel agency action unlawfully withheld or unreasonably delayed).

2.  This action is brought by the Plaintiff to compel Defendants and those acting under them to take action on a Form N-400, Application for Naturalization, (hereafter "the Application) in order for Plaintiff to become a Naturalized Citizen of the United States. The Application was filed with the U.S. Citizenship and Immigration Services' (USCIS) Texas Service Center on or about March 18, 2000 by Plaintiff. Plaintiff was interviewed by District Adjudicating Officer (DAO) Brett Rinehart of the USCIS' Tampa Sub-District Office on June 25, 2004, and successfully passed the English language, history, and government tests. (See Ex. 1, Form N-652, Naturalization Interview Results.) Plaintiff was informed at that time that a decision could not be made on her application until the completion of her Federal Bureau of Investigations' (FBI) Name Check. Plaintiff, through undersigned counsel, made numerous inquiries to USCIS regarding possible reasons for the delay in completing her security clearances. The responses to the inquiries indicated that a security check on Plaintiff was still pending. To this day, more than two years after the interview, Ms. Gapchuk still awaits a decision. Certainly more than 120 days have passed since the interview in this matter, thus vesting jurisdiction with this court under 8 U.S.C. § 1447.

3. Plaintiff is eligible to have her Application adjudicated.

4. Defendants, the Department of Homeland Security and USCIS are charged by law with the statutory obligation to adjudicate this Application.

5. Venue is proper under 28 U.S.C. § 1391(e) because Plaintiff resides in this district, a substantial part of the events or omissions giving rise to the claim occurred in this district, and no real property is involved in this action.

## FACTS

6. Plaintiff is a native and citizen of Russia. She received her Permanent Resident status based on a grant of Asylum on December 1, 1996. Plaintiff became statutorily eligible to file a Form N-400, Application for Naturalization on December 1, 2003, more than five years after the grant of Permanent Resident Status.

7. Plaintiff filed her Form N-400, Application for Naturalization, with the former Immigration and Naturalization Service's Texas Service Center on or about December 1, 2003.

8. Plaintiff was interviewed by DAO Brett Rinehart of the USCIS's Tampa Sub-District Office on June 25, 2004, and successfully passed the English language, history, and government tests. (See Ex. 1.) At that time Ms. Gapchuk was told that her Application was pending completion of her FBI Name Check. To this day, more than two years after the interview, Ms. Gapchuk still awaits the decision.

9. Tampa Sub-District Office of the USCIS is currently processing Forms N-400 filed on April 15, 2006. Ms. Gapchuk's Application was filed on December 1, 2003, and, therefore, its processing is significantly overdue. (See Ex. 2, Tampa Sub-District

Office processing times report.)

## COUNT I

10. Defendants have willfully and unreasonably delayed and refused to adjudicate Plaintiff's Application, thereby depriving the Plaintiff of the benefit of becoming a Naturalized U.S. Citizen.

11. Defendants owe Plaintiff a duty to adjudicate the Petition and have unreasonably denied performing that duty.

12. Plaintiff has exhausted any administrative remedies that may exist.

WHEREFORE, Plaintiff prays that this Court:

1. Assume jurisdiction over the case and naturalize the Plaintiff under the terms of 8 U.S.C. § 1447(b); or

2. Compel Defendants and those acting under them to perform their duty to adjudicate the Application; and

3. Grant such other and further relief as this Court deems proper under the circumstances; and

4. Grant Attorney's fees and costs of Court to Plaintiff under the Equal Access to Justice Act.

DATED this 29th day of January, 2007

_____
Ignacio J. Garcia, Esq.
Florida Bar No.: 0423440
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
100 N. Tampa Street
Suite 3600
Tampa, Florida  33602
(813) 289.1247 (Telephone)
(813) 289.6530 (Facsimile)
Ignacio.garcia@ogletreedeakins.com
Attorney for Plaintiff
Trial Counsel

4602147.2