UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**HAISSAM EL-AZHARI,**

        **Petitioner,**

v.                                         Case No. 8:06-cv-2033-T-30TGW

**ATTORNEY GENERAL OF THE UNITED**
**STATES, et al,**

        **Respondents.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Respondents' Motion to Dismiss or Remand (Dkt. 6), and Petitioner's Reply in Opposition to the same (Dkt. 7).

### **FACTUAL BACKGROUND**

Petitioner is a citizen of Lebanon and a permanent resident of the United States since October 22, 1996. On March 7, 2003, Petitioner filed an Application for Naturalization. He was fingerprinted by Respondents on April 18, 2003 and November 2, 2005 and attended an examination interview on his application on May 27, 2004. At his interview, Petitioner was informed that he passed all of the requisite tests for naturalization, i.e. English language, history and civics. Additionally, Petitioner was told that he met all other eligibility requirements, but could not be given final approval and the oath of citizenship until a name check was completed.

On May 24, 2004, the Citizenship and Immigration Services (hereinafter "CIS") contacted Petitioner and informed him that additional documentation was required for his file. This documentation was provided by Petitioner in a timely manner. Notwithstanding, Petitioner has not received any correspondence from CIS regarding their decision concerning his application. Petitioner alleges that over 120 days have past since the time of his initial examination. Respondents have moved to dismiss the petition for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) (Dkt. 6). Respondents argue that the 120 day-period has not started to run because Petitioner's examination has not yet been completed. Additionally, Respondents seek to remand this cause to CIS for final determination.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows for dismissal based on lack of subject matter jurisdiction. See Fed. R. Civ. Pro. 12(b)(1) (2006). A party may make either a facial or a factual challenge to a court's subject matter jurisdiction. See Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990). In a facial challenge, a court assumes the allegations in the complaint are true and makes a determination whether the complaint sufficiently alleges a basis for subject matter jurisdiction. See id. at 1529. Factual attacks, however, challenge the "existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." Id.

## DISCUSSION

Title 8, Section 335 of the Code of Federal Regulations delineates the procedure for examining and approving an applicant for naturalization. See 8 C.F.R. § 335, *et seq.* (2006). Pursuant to 8 C.F.R. § 335.2, all applicants for naturalization, after submitting their application, must appear before a service officer for an examination. See id. at 335.2(a) (2006). This examination is to occur only *after* the CIS has received a definitive response from the FBI that a "full criminal background check of [the] applicant has been completed." Id. at §335.2.(b). After the examination, a service officer has 120 days after the initial examination to either grant or deny the application. See id. at §335.3(a). The agency's failure to render a determination within this 120 day period, permits an applicant to apply to "the United States district court for the district in which the applicant resides for a hearing on the matter." 8 U.S.C. § 1447(b) (2005).

Respondents argue that the 120-day period has yet to be triggered because Petitioner's examination was not complete at the time the Petition was filed. Specifically, Respondents argue that because both CIS and the FBI have to conduct further review of Petitioner's file, the examination has yet to be completed and thus this Court lacks jurisdiction over the claims. This Court disagrees. Federal Regulations state that the decision to grant or deny the application "*shall* be made at the time of the initial examination" or within the 120 day period after the examination. 8 C.F.R. §335.3(a) (2006) (emphasis added). There is no indication in the regulations that this examination period is a process. See Odeh v. Chertoff,

No. 6:06-cv-367, slip op. at 4-5 (M.D. Fla. Sept. 14, 2006) (citations omitted). It is instead a one day event whereby the 120 day period begins upon completion of the event. Id. at 5. Assuming the facts alleged in the Petition are true, as must be done at this stage, Petitioner's initial examination was conducted on May 27, 2004. A decision on his application was therefore required to be made on or around September 27, 2004. Accordingly, Respondents' Motion to Dismiss for lack of subject matter jurisdiction is **denied**.[1]

Lastly, Respondents request that this Court remand this case back to CIS. However, 8 U.S.C. § 1447(b) gives this Court discretion whether to remand or determine the matter on its own. See 8 U.S.C. §1447(b) (2006). While this Court agrees that CIS is the best entity to determine whether an applicant meets all the criteria for naturalization, it appears, based on the allegations in the Petition and the arguments in the Motion to Dismiss, that Petitioner has met all of the criteria, i.e. he completed the application, the FBI conducted a background check, and upon completion of the background check, Petitioner was examined by a service officer of CIS. Respondents argue that based on the information obtained by the FBI, CIS and the FBI need to conduct a *further* review. However, Respondents have failed to identify what information was obtained that necessitates further review and has prevented the agency for the past two and one half years from making a determination as to Petitioner's application. Moreover, assuming this case was remanded, CIS has failed to provide a time in which a determination on Petitioner's application will be made. In an effort to eliminate

---

[1]Respondents also seek dismissal of the petition arguing the petition is unripe for adjudication. In light of the statutory language, this Court finds no merit to this argument, and the motion is again denied.

the inevitable delay in CIS's decision on Petitioner's application, this Court denies Respondents' motion to remand.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss or Remand (Dkt. 6) is **denied**.

2. Respondents are given **twenty (20) days** from the date of this Order to file a responsive pleading to the Petition.

**DONE** and **ORDERED** in Tampa, Florida on January 31, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2006\06-cv-2033 - Motion to Dismiss.frm