**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KALED ODEH**

                **Plaintiff,**

**-vs-**                                         **Case No. 6:06-cv-367-Orl-19KRS**

**MICHAEL CHERTOFF, et al.,**

                **Defendants.**
_____

# ORDER

This case comes before the Court on Defendants' Motion to Dismiss or, in the Alternative, for Remand and Incorporated Memorandum of Law in Support, (Doc. No. 16, filed Aug. 2, 2006), and the Plaintiff's Reply in Opposition to Defendants' Motion to Dismiss. (Doc. No. 17, filed Aug. 10, 2006).

## Background

The following allegations are taken from Plaintiff Khaled Odeh's Complaint. (Doc. No. 1, filed Mar. 22, 2006).

Plaintiff was admitted for permanent residence in 1996 as a result of an immigrant visa petition filed by his United States citizen spouse. (Doc. No. 1, p. 2, filed March 22, 2006). Plaintiff applied for naturalization on November 7, 2001. (*Id.* at p. 3). Defendants conducted an interview of the Plaintiff on May 14, 2002. (*Id.*) Around December 9, 2003, the assigned District Adjudication Officer issued a Request for Evidence pertaining to Plaintiff's case. (*Id.*) Plaintiff submitted the requested information in January 2004. (*Id.*) Since submitting the

-1-

requested information, Plaintiff made repeated inquiries into the status of his application. (*Id.*) Each time Defendants responded that a decision could not be made because Plaintiff's background check was still pending. (*Id.*)

Plaintiff filed a complaint seeking to have the Court assume jurisdiction over his pending application for naturalization and/or to compel Defendants to adjudicate his application for naturalization. (*Id.* at p. 1). The Plaintiff alleges jurisdiction under 8 U.S.C. § 1447(b) because 120 days have passed since his initial examination.[1] (*Id.* at pp. 2, 3-4). Plaintiff also asserts the Court has mandamus jurisdiction under 28 U.S.C. § 1361 and jurisdiction under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.* (*Id.* at p. 2).

Defendants have moved to dismiss for lack of subject matter jurisdiction based upon Federal Rule of Civil Procedure 12(b)(1). (Doc. No. 16, filed August 2, 2006). Defendants claim that the 120-day period has not started to run because the examination is not complete until the Federal Bureau of Investigation ("FBI") tenders the results of its background investigation, and therefore no jurisdiction exists under 8 U.S.C. § 1447(b). (*Id.* at pp. 4-5). Defendants further allege that there is no jurisdiction for mandamus, (*id.* at p. 6), and that there is no federal question jurisdiction under the APA. (*Id.* at p. 5-6).

---

[1] 8 U.S.C. § 1447(b) provides that: "If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter."

Alternatively, Defendants request that the Court remand the case to United States Citizenship and Immigration Services ("USCIS") if the Court finds that subject matter jurisdiction exists. (*Id.* at 7) .

**Standard of Review**

Under Federal Rule of Civil Procedure 12(b)(1), a party can bring either a facial or a factual challenge to a court's subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). In a facial challenge, a court assumes all of a plaintiff's allegations are true and determines whether a plaintiff has alleged a sufficient basis for subject matter jurisdiction. *Id.* at 1529. In a factual challenge, a court must determine if it has power to hear the case. *Id.* A court is not required to assume a plaintiff's allegations are true and is free to weigh the evidence and evaluate the merits of the jurisdictional claims. *Id.*

**Analysis**

In the instant case Defendants are facially attacking the claim by arguing the federal statutes are insufficient to confer subject matter jurisdiction. (*See* Doc. No. 16, filed August 2, 2006). Accordingly, the Court must assume that all of Plaintiff's allegations are true. *Lawrence,* 919 F.2d at 1529.

After an applicant files a naturalization application, USCIS is required to conduct an investigation of the applicant. 8 C.F.R. § 335.1. Each applicant must appear before a service officer who is authorized to conduct examinations. 8 C.F.R. § 335.2(a). Under the current regulations, the applicant should not appear in front of a service officer for his initial examination until the USCIS receives a definitive response from the FBI that a full criminal background check of an applicant is complete. 8 C.F.R. § 335.2(b). USCIS is required to render a "decision to grant or deny the application . . . at the time of the initial examination or within

-3-

120-days after the initial examination of the applicant for naturalization under § 335.2." 8 C.F.R. § 335.3(a).

Defendants rely on *Danilov v. Aguirre*, 370 F. Supp.2d 441 (E.D. Va. 2005), to argue that the examination is not complete. (Doc. No. 16, pp. 4-5, filed August 2, 2006). In *Danilov,* a judge for the Eastern District of Virginia reasoned that the term "examination" in section 1447(b) should be construed to mean the entire process of gathering information rather than a single event. *Danilov,* 370 F. Supp.2d at 443. According to the *Danilov* court, the initial interview was a single event in the process, and the Court held that the 120-day period did not begin to run until all other aspects of the examination process, including the FBI background check, were completed. *Id.* at 444.

*Danilov* was decided without briefing or argument by the plaintiff in the case, *id.* at 442, and its interpretation has been almost universally rejected by later cases. The vast majority of district courts that have considered the meaning of § 1447(b) after *Danilov* have held that the 120-day period begins to run after the completion of the initial interview. *See, e.g., Khan v. Chertoff*, No. CV-05-00560-PHX-SRB, 2006 WL 2009055, at *2 (D. Ariz. July 14, 2006); *Khelifa v. Chertoff*, 433 F. Supp.2d 836, 841-42 (E.D. Mich. 2006); *Daami v. Gonzales,* No. 05-3667 (KSH), 2006 WL 1457862, at *6 (D. N.J. May 22, 2006); *Al-Kudsi v. Gonzales*, No. 05-1584-PK, 2006 WL 752556, at *2 (D. Or. Mar. 22, 2006); *Essa* v. United States Citizenship & Immigration Servs., No. CIV051449 (DSD/JJG), 2005 WL 3440827, at *2 (D. Minn. Dec. 14, 2005); *El-Daour v. Chertoff*, 417 F. Supp.2d 679, 683 (W.D. Pa. 2005).

Other courts have rejected *Danilov* for two primary reasons. First, the statutory language of section 1447(b) refers to "the date on which the examination is conducted." 8 U.S.C. 1447(b). The statutory language indicates that the examination is conducted on one day, not as a process.

*See Khan*, 2006 WL 2009055, at *2; *Khelifa,* 433 F. Supp.2d at 841, *Daami*, 2006 WL 1457626, at *5; *El-Daour v. Chertoff*, 417 F. Supp.2d at 681-82. Second, the regulations state that after an applicant files his application, he shall appear before a Service officer for an examination, 8 C.F.R. § 335.2(a), and that a decision is to be made at the time of the initial examination or within 120 days after the date of the examination. 8 C.F.R. § 335.3(a). The regulations clearly specify that an initial examination is not supposed to be conducted until the FBI has completed its full background check of the applicant. 8 C.F.R. § 335.2(b). Thus, the language of the regulations implies that the background check is intended to be separate from the examination. *See Khan*, 2006 WL 2009055, at *2; *Khelifa,* 433 F. Supp.2d at 841; *Daami*, 2006 WL 1457626, at *5-6; *El-Daour*, 417 F. Supp.2d at 682-83 (W.D. Pa. 2005).

This is a case of first impression in the Eleventh Circuit. For the reasons discussed above, the Court finds *Danilov* unpersuasive and adopts the majority view. The Court holds that the 120-day period begins to run after the initial interview. In this case the Plaintiff alleges that his initial interview occurred in 2002, and Defendants accept this factual allegation as true. Thus, since more than 120 days have passed since the initial interview occurred, Defendants' motion to dismiss for lack of subject matter jurisdiction must be denied.[2]

Under 8 U.S.C. § 1447(b), the Court may either "determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." Ordinarily, "a court . . . should remand a case to an agency for decision of a matter that statues place primarily in agency hands." *INS v. Ventura,* 537 U.S. 12, 16 (2002). This rule is strongly adhered to in the immigration context. *See id.* at 16-17. The majority of other courts which have held

---

[2]  Because the Court finds jurisdiction under 8 U.S.C. § 1447(b), there is no need to consider the Defendants' arguments that there is no mandamus jurisdiction or federal question jurisdiction under the APA at this time.

jurisdiction exists under § 1447(b) have remanded the case to the agency in cases where the FBI background check remains incomplete. *See, e.g., Daami v. Gonzales,* No. 05-3667 (KSH), 2006 WL 1457862, at *6 (D. N.J. May 22, 2006); *Essa v. United States Citizenship & Immigration Servs.*, No. CIV051449 (DSD/JJG), 2005 WL 3440827, at *2 (D. Minn. Dec. 14, 2005); *El-Daour v. Chertoff*, 417 F. Supp.2d 679, 683-84 (W.D. Pa. 2005).

A completed FBI criminal background check is required to rule on Plaintiff's application because it is essential to determine if Plaintiff poses a threat to national security and public safety. *See El-Daour*, 417 F. Supp.2d at 684. This Court is not suited to conduct this type of investigation. *See id.* Moreover, even if the Court did conduct a background check, USCIS is more experienced and better equipped to determine whether the Plaintiff meets the criteria for naturalization. *Khelifa v. Chertoff*, 433 F. Supp.2d 836, 844 (E.D. Mich. 2006).

The Court is sympathetic to Plaintiff's situation. While the Court is troubled that it has been more than four years since Plaintiff's interview, (Doc. No. 1, p. 3 filed Mar. 22, 2006), Congress has prohibited the USCIS from rendering a decision on Plaintiff's application until a full FBI background check is complete. Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act, 1998, Pub. L. No. 105-119, 111 Stat. 2440, 2448-49 (1997) ("[D]uring fiscal year 1998 and each fiscal year thereafter, none of the funds appropriated or otherwise made available to the Immigration and Naturalization Service shall be used to complete adjudication of an application for naturalization unless the Immigration and Naturalization Service has received confirmation from the Federal Bureau of Investigation that a full criminal background check has been completed."). Therefore, the Court remands the case to

USCIS with the instruction to render a decision on the Plaintiff's application as soon as the required FBI background check has been completed.[3]

### Conclusion

Based on the foregoing, the Court **DENIES** the Defendant's motion to dismiss for lack of subject matter jurisdiction (Doc. No. 16, filed Aug. Aug. 2, 2006) and **REMANDS** the case to the USCIS for expeditious decision following the completion of the mandatory FBI background check.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on September __14___, 2006.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3] The Court cannot order USCIS to render a decision because the FBI background check is not complete. USCIS has no authority to order the FBI to complete the background check or expedite the process. *See Al Saidi v. Jenifer*, No. 05-71832, 2005 U.S. Dist. LEXIS 35466, at *11 (S.D. Mich. Dec. 23, 2005). Because neither the FBI nor someone with supervisory capacity over the FBI is a party to this action, the Court is without authority to order the immediate completion of the FBI background check. *Contra Eng v. Chertoff*, 2006 WL 2442894, at *1(S.D. Tex. Aug. 21, 2006) (Ordering Defendant Alberto R. Gonzales to direct the FBI to complete the background check); *Al-Kudsi v. Gonzales,* 2006 WL 752556, at * 3 (D. Or. Mar. 22, 2006) (Ordering Defendant Alberto Gonzales to order the FBI to complete its required check). Therefore, the only instruction the Court can give is to order Defendants to act as expeditiously as possible in ruling on Plaintiff's application.

Copies furnished to:

Counsel of Record